**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>Olin Windfield Paige, III and Tawney Marie Paige,<br><br>    Debtors. | Chapter 7<br><br>Case No. 22-20769 (JJT) |
| Pointe Residential Builders BH, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Olin Windfield Paige, III,<br><br>    Defendant. | Adv. Case No. 23-02019 (JJT)<br><br>Re: ECF Nos. 1, 11, 17, 18, 21, 22, 23 |

**MEMORANDUM OF DECISION AND ORDER
DENYING DEBTOR'S MOTION TO SET ASIDE
DEFAULT AND MOTION FOR EXTENSION OF TIME TO PLEAD**

Before the Court are the Debtor's Motion to Set Aside Default (ECF No. 17) and Motion for Extension of Time to Plead (ECF No. 18). For the reasons expressed in this memorandum of decision, both of the Debtor's motions are denied.

1. Background

On October 31, 2022, Olin Windfield Paige, III and Tawney Marie Paige[1] filed their voluntary Chapter 7 petition (MC-ECF No. 1). After multiple extensions

---

[1] References to the "Debtor" in this memorandum are to Olin Paige alone.

of time, Pointe Residential Builders BH, LLC ("Plaintiff") filed its complaint against the Debtor on November 15, 2023 ("Complaint," ECF No. 1, MC-ECF No. 50).

In the Complaint, the Plaintiff seeks a determination that a debt of $463,519.77 plus interest owed to it by the Debtor be excepted from discharge under Section 523(a)(2)(A), (a)(4), and (a)(6) of the Bankruptcy Code[2] and Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure. The basis for the Complaint is a judgment that the Plaintiff obtained against the Debtor and his business, TMP Construction Group, LLC, in the Connecticut Superior Court, which was later affirmed by the Connecticut Appellate Court. The Superior Court judgment itself was founded on breach of contract, unjust enrichment, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). The Plaintiff alleges that, under principles of collateral estoppel, the Debtor is precluded from contesting issues of fact found in the Superior Court judgment, which in turn leads to the conclusion that the debt owed to the Plaintiff is nondischargeable as being caused by misrepresentation, embezzlement, and willful and malicious injury.

A summons was issued on November 15, 2023, which provided that the Debtor's answer was due by December 15, 2023 (ECF No. 2). The Debtor then filed his appearance on December 4, 2023 (ECF No. 4), but has not filed an answer to date. On January 19, 2024, the plaintiff filed a request for entry of default for failure to plead (ECF No. 10), which the clerk of court entered on January 22, 2024 (ECF No. 11).

---

[2] 11 U.S.C. § 101 *et seq.*

On February 14, 2024, the Debtor filed both his Motion to Set Aside Default and his Motion for Extension of Time to Plead. In both, he avers that family members have had medical issues arise on January 17 and February 9, 2024, which "have consumed his time and focus during the past several weeks." In both, he also states, without support, that his failure to plead was not willful or deliberate and that the Plaintiff has not been prejudiced. And in the Motion to Set Aside Default, he merely states, without explanation or elaboration: "I have a meritorious defense."

On February 21, 2024, the Plaintiff filed its Motion for Default Judgment (ECF No. 21) and its Objection to Motion to Set Aside Default (ECF No. 22). The next day, the Plaintiff filed its Objection to Motion for Extension of Time to Plead (ECF No. 23). In the Motion for Default Judgment, the Plaintiff argues that it meets all the requirements under Rule 55 of the Federal Rules of Civil Procedure, namely, that, taking the facts as alleged in the Complaint as true, it has conclusively established liability under Section 523(a)(2)(A), (a)(4), and (a)(6) of the Bankruptcy Code. In its Objection to Motion to Set Aside Default, the Plaintiff argues that the Debtor's willful default and his conclusory statement that he has a meritorious defense are insufficient to meet the burden required under Rule 55(c) to set aside the default. In its Objection to Motion for Extension of Time to Plead, the Plaintiff argues that the Debtor has not shown good cause to extend the time to plead because, among other things, he had more than two months to retain counsel or file a response pleading before the first of the family medical events cited by the Debtor.

The Court held a hearing on the Debtor's motions on February 29, 2024.[3] At the hearing, the Debtor explained that his defense to the counts alleged against him is that the Superior Court, in a September 24, 2020 articulation, clarified that his behavior was reckless but not intentional. After further inquiry from the Court, the Debtor stated that he has additional unspecified defenses to the counts underlying the Superior Court judgment. The Court then took the motions under advisement.

2. Discussion

Under Rule 55(c) of the Federal Rules of Civil Procedure, as applied by Rule 7055 of the Federal Rules of Bankruptcy Procedure: "The court may set aside an entry of default for good cause[.]" "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These criteria are: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (cleaned up). The Second Circuit "interpret[s] willfulness, in the context of a default, to refer to conduct that is more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Id.* (cleaned up). As for meritorious defenses, "conclusory assertions . . . are insufficient to compel vacatur of an entry of default." *Id.* at 187. Instead, "the defendant must

---

[3] The Court also held a status conference on the Motion for Default Judgment.

present evidence of facts that, if proven at trial, would constitute a complete defense." *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010) (cleaned up).

"[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 175 (2d Cir. 2001) ("A clear preference exists for cases to be adjudicated on the merits."). Nevertheless, balancing these considerations does not excuse the defaulted party from "shoulder[ing] its burden of establishing that there was good cause to reopen the default." *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986).

As noted, his papers only stated that he has a meritorious defense—but contain no elaboration. At the hearing, the Debtor proffered two: (1) that he had defenses to the underlying Superior Court action and (2) that the Superior Court's articulation indicated that he only committed reckless behavior, not intentional.

The first of these two is easily rejected. Under the *Rooker–Feldman* doctrine,[4] "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Superior Court's judgment was affirmed by the Appellate Court and then was taken no further—which happened

---

[4] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983).

before this adversary proceeding and the underlying main case were filed. This Court cannot review and reject the Superior Court's judgment rejecting any defenses raised there.

As for the second, the Debtor claims that the Superior Court's September 24, 2020 articulation clarified that his behavior was reckless but not intentional. If this were true, then it would provide him with a defense such that he might be able to refute the intentionality allegation underlying each of the counts. But the Debtor's mere stating of such does not make it true. In its articulation, the Superior Court stated: "As to the intention to divert the deposit for other uses, the evidence of defendants' business practices as well as the failure to use the deposit for the purposes represented and diversion of the funds indicated that defendants *intended* throughout to use the deposit to finance its operations and other projects and that the diversion of the deposits was *intentional and/or reckless* under the circumstances." *Pointe Residential Builders BH, LLC v. TMP Constr. Grp., LLC*, No. FST-CV-18-6037047-S, 2020 WL 6121376, at *2 (Conn. Super. Ct. Sept. 24, 2020) (emphasis added). Thus, the Superior Court twice stated that the Debtor's conduct was intentional.[5] The Appellate Court's opinion affirming the Superior Court's judgment does not change this finding.[6]

---

[5] Even if only the latter part were at issue, the Superior Court used "and/or" as the conjunction. If it simply had said "or," then it would be possible to construe the phrase as finding at least reckless conduct but not committing to intentional conduct. But the "and" changes that.

[6] Although the Appellate Court held that "there [was] sufficient evidence of intentional, reckless, unethical or unscrupulous conduct to establish a violation of CUTPA" and that "[t]he evidence also supports a finding that [the Debtor] knowingly or recklessly engaged in the unscrupulous acts," that court only needed to determine that the Superior Court's findings were not clearly erroneous because the Plaintiff only needed to establish the lesser elements to be entitled to relief. *Pointe Residential Builders BH, LLC v. TMP Constr. Grp., LLC*, 213 Conn. App. 445, 454–59, 278 A.3d 505, 513–16

The Complaint has three causes of action, seeking nondischargeability under (1) Section 523(a)(2)(A) for false pretenses, false misrepresentation, and actual fraud; (2) Section 523(a)(4) for embezzlement; and (3) Section 523(a)(6) for willful and malicious injury. Each of these provisions implicates intent, if not as a necessary one, then at least a sufficient one. *See Husky Int'l Elec., Inc. v. Ritz*, 578 U.S. 355, 360 (2016) ("anything that counts as 'fraud' and is done with wrongful intent is 'actual fraud'"); *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) ("The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional *act* that leads to injury."); *In re Hyman*, 502 F.3d 61, 68 (2d Cir. 2007) (embezzlement "require[s] a showing of actual wrongful intent"); *Options Unlimited, Inc. v. McCann (In re McCann)*, 634 B.R. 207, 216 (Bankr. D. Conn. 2021) ("false representation" includes the element that the statement was made "with intent to deceive"); *Jalbert v. Mulligan (In re Mulligan)*, 577 B.R. 6, (Bankr. D. Conn. 2017) ("False pretenses have been broadly construed as a group of omissions, actions, or representations undertaken to create a false impression."). Compare these with CUTPA claims coupled with breach of contract claims: "Under CUTPA, only intentional, reckless, unethical or unscrupulous conduct can form the basis for a claim." *Ulbrich v. Growth*, 310 Conn. 375, 410 n.31, 78 A.3d 76, 101 n.31 (2013).[7] Intent was at issue in the state court decisions and intent is at least relevant here. The Superior

---

(2022). It did not need to determine whether the Superior Court correctly found intentionality. *See id.*

[7] The Court makes no determination in this memorandum vis-à-vis whether the Plaintiff has met its burden for summary judgment, leaving that for another day.

Court's articulation regarding intent does not align with the Debtor's version, however, which means that it can provide no defense to the action here. Because this Court cannot sit in judgment of the Superior Court's rejection of his defenses there and because the Debtor's interpretation of the Superior Court's articulation is not supported by the articulation itself, the Debtor has failed to propound a meritorious defense.

As for the other two criteria laid out by the Second Circuit, the Court finds that neither works in the Debtor's favor. The Plaintiff recognizes in its Objection to Motion to Set Aside Default that delay alone does not establish prejudice, leaving this factor at best neutral. The Court, however, finds that the Plaintiff has been prejudiced by not only the imposition of delay, but by the assertion of frivolous defenses and the imposition of more fees and expenses to obtain relief regarding a largely indisputable claim.

Meanwhile, the other criteria—willfulness—has not been adequately explained by the Debtor. Instead, he states in the Motion to Set Aside Default that "[t]he lack of filing was not deliberate or intentional[,]" and notes problems with CM/ECF, the inability to obtain counsel, and family medical issues. His answer to the Complaint, however, was due by December 15, 2023, well before the noted medical and technological events. As for obtaining counsel, this adversary proceeding was filed more than three months before the Debtor moved to extend the time to plead. In examining these circumstances, the Court finds willfulness in the Debtor's sustained and inexcusable failure to answer the Complaint to this date.

Because the Debtor's default was willful, his defense is not meritorious, and the Plaintiff has been prejudiced, the Debtor has not demonstrated good cause to set aside the default. This lack of good cause renders his request to extend the time to plead as moot. The Court will accordingly set the Plaintiff's Motion for Default Judgment for a hearing. *See* Fed. R. Civ. P. 55(b)(2); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (the moving party is "required to determine whether the . . . allegations establish . . . liability as a matter of law").[8]

3. Conclusion

For the foregoing reasons:

    a. The Debtor's Motion to Set Aside Default is DENIED;

    b. The Debtor's Motion for Extension of Time to Plead is DENIED; and

    c. The Plaintiff's Motion for Default Judgment is scheduled for a hearing on March 27, 2024, at 1:00 p.m. prevailing Eastern time.[9]

IT IS SO ORDERED at Hartford, Connecticut this 5th day of March 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[8] If the Plaintiff fails to establish its entitlement to a default judgment, the default will be set aside. *See Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 6 (2d Cir. 1970).

[9] Any response by the Debtor to the Motion for Default Judgment is due by March 15, 2024. Any reply by the Plaintiff is then due by March 22, 2024.